ON REHEARING
[December 21, 1995]
The plaintiff, Roger Dale Arnold, requested a rehearing on our original rehearing, wherein we amended our original opinion to limit LIGA’s total liability to $149,000.00 plus LIGA’s share of post-insolvency court costs. The plaintiff contends that our decision on rehearing is in direct conflict with this court’s decision in Rochel v. Terrebonne Parish School Board, 93-0383, (La.App. 1st Cir. 5/20/94), 637 So.2d 753. In Rochel we affirmed an award of $475,000.00 in special and general damages to the plaintiff for injuries he received in an automobile collision. The plaintiff was injured in February of 1991, and the defendants’ insurer was placed in rehabilitation on August 13, 1992. LIGA was substituted as a party defendant in its stead.
On appeal Mr. Rochel requested that this court determine whether LIGA was responsible for post-insolvency interest and court costs. LIGA urged that it was not responsible for either pre or post-insolvency interest and court costs, citing LSA-R.S. 22:1379(3)(d) and LSA-R.S. 13:4521(A).
The court, relying on the language of LSA-R.S. 22:1379(3)(d), found that any interest or court costs accruing before the insurer’s insolvency were excluded from coverage. The court next addressed the effect of LSA-R.S. 13:4521(A), as amended by La.Acts 1993, No. 651 Sec. 1, which included LIGA in the enumerated public entities which are absolved from the payment of court costs in any judicial proceeding prosecuted by or against the enumerated entities. The court concluded that because a defendant insured generally has a contractual right to expect the payment of interest and court costs from its insurer the amendments to LSA-R.S. *1070 13:4521 were substantive in nature and could only be applied prospectively.
Without specifically addressing LIGA’s statutory limit of liability, the court assessed the defendants and LIGA with court costs and interest accruing after August 13, 1992.
We agree with our decision in Rochel that post-insolvency interest is within the definition of a covered claim for which LIGA must be responsible. However, this responsibility is limited by the provisions of LSA-R.S. 22:1382 A.(l)(b) which provide:
The applicable limit per claim and per accident or occurrence shall be exhaustive of the entire liability of the association under this Part, however arising, without regard to the nature of or basis for that liability, except court costs incurred subsequent to the date of insolvency.
Because LSA-R.S. 22:1382(A) was not urged by LIGA nor considered by the court in Rochel, we find that Rochel is not in conflict with our decision on original rehearing.
Accordingly, for the reasons expressed herein, and those set forth in our original rehearing, the plaintiff’s application for rehearing is denied.